IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE LYNN PRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 13-1481 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 5 and 7). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 6 and 8). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment in part (ECF No. 5) and denying Defendant's Motion for Summary Judgment. (ECF No. 7).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since April of 2008. (ECF No. 3-6, pp. 4, 6). Administrative Law Judge ("ALJ"), Alma S. de Leon, held a hearing on February 2, 2012. (ECF No. 3-2, pp. 30-51). On February 7, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 3-2, pp. 15-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **Treating Physician**

Plaintiff first argues that the ALJ erred in assigning little weight to the opinion that Plaintiff is disabled and precluded from all full and part-time work by her treating physician, Dr. Anna Boettcher, M.D. (ECF No. 6, pp. 6-8; No. 3-16, p. 4). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.157(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically

3

acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

With regard to Dr. Boettcher's opinion that Plaintiff is precluded from working, the ALJ in this case found that such opinion is entitled to little weight because: 1) it is not supported by medical signs and laboratory findings or adequate explanations; 2) internally inconsistent; 3) is inconsistent with the records as a whole; and 4) is an issue reserved for the Commissioner. (ECF No. 3-2, p. 23). Plaintiff argues that the ALJ erred in giving Dr. Boettcher's opinions little weight because the Mercy Behavioral Clinic records are "replete with evidence that in no way contradicts the medical opinion of Dr. Boettcher." (ECF No. 6, p. 8). Whether this is a true statement is irrelevant because the standard is not whether there is evidence that does not contradict, but whether there is substantial evidence of record to support the ALJ's findings as set forth above.

4

A treating physician's assertion that a plaintiff is "disabled" or "unable to work" is not dispositive of the issue. 20 C.F.R. §§ 404.1527, 416.927. Such ultimate questions of disability are reserved for the ALJ to determine. *Id.* Thus, the ALJ was not under any obligation to weigh Dr. Boettcher's ultimate opinion that Plaintiff was unable to pursue fill or part time work. Furthermore, I find the reasons given by the ALJ to be appropriate, sufficiently explained and supported by sufficient evidence of record. Therefore, I find no error in this regard on the part of the ALJ.

### C. Global Assessment of Functioning ("GAF") [1]

Plaintiff also argues that the ALJ erred in failing to consider Plaintiff's total GAF history and as such the case should be remanded for further consideration. (ECF No. 6, pp. 8-11). GAF scores are arrived at by the clinician based on his or her assessment of a patient's self-reporting.[2] American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). Here, the ALJ found Plaintiff to be less credible; thus, making Plaintiff's GAF score questionable at best. In this case, however, the ALJ completely failed to mention or discuss the impact of any of the GAF scores assigned to Plaintiff and documented in the record. While I acknowledge that GAF scores do not have a "direct correlation to the severity requirements" of the Social Security mental disorder listings, they are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled. *Rios v. Commissioner of Social Sec.*, 444 Fed.Appx. 532, 535, 2011 WL 4059780, *2 (3d Cir. 2011),

---

[1] GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100.

[2] GAF scores are not endorsed by the Social Security Administration because the scores do not have a direct correlation to the disability requirements and standards of the Act. *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale. *See,* Disagnotic and Statistical Manual of Menal Disorders (DMS-V) (5th ed. 2013).

*citing,* 65 Fed.Reg. 50746–01, 50764–65 (2000).  As a result, the GAF scores should have been discussed by the ALJ.  *Sweeney v. Comm'er of SS,* 847 F.Supp.2d 797, 802 (W.D. Pa. 2012).

"Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). The complete failure to discuss the low GAF scores prohibits me from conducting a proper and meaningful review.  Therefore, I find the ALJ erred in this regard.  Consequently, remand is warranted for further consideration on this point.

### D. Past Relevant Work

Lastly, Plaintiff argues that the ALJ erred in finding that Plaintiff could perform her past job as a mail clerk, as well as other work.  (ECF No. 6, p. 11).  To that end, Plaintiff suggests that the ALJ erred because the ALJ mistakenly found the Plaintiff worked as a mail clerk for "16 months when she actually worked in that job for no more than 7 month."  *Id.*  Even assuming this was a mistake as to the time Plaintiff performed the job, I find no merit to the argument.  Since Plaintiff worked for 7 months at the position of a mail clerk, it still qualifies as past relevant work which Plaintiff performed.

However, an ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments.  *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).  Since I have found that the ALJ erred in failing to discuss Plaintiff's GAF, her finding as to whether Plaintiff is capable of performing past relevant work cannot stand.[3]  Consequently, remand is warranted.

An appropriate order shall follow.

---

[3] I am not suggesting that the ALJ's opinion should change on remand.  Rather, I am merely stating that once the ALJ discusses Plaintiff's GAF scores, the ALJ is then to reconsider the issue of past relevant work, which may or may not change.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICOLE LYNN PRO,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　)　　　Civil Action No.　13-1481
　　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN,　　　　　　　　　 )
COMMISSIONER OF SOCIAL SECURITY,　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 29th day of September, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 5) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 7) is denied.

　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　s/　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　United States Senior District Judge